IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALFRED RAY CESSPOOCH,<br><br>      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | MEMORANDUM DECISION AND ORDER OF DISMISSAL<br><br>Civil No. 2:16-CV-883-DN<br>(Crim. No. 2:93-CR-281-PGC)<br><br>District Judge David Nuffer |

Petitioner Alfred Ray Cesspooch seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 asserting claims of ineffective assistance of counsel for lack of knowledge and experience in Federal Indian Law; violation of United States Constitution Article 6 and 25 U.S.C. § 1302 regarding Indian tribe treaty rights; violations of administrative and procedural due process under 18 U.S.C. §§ 1152 and 1153 regarding exhaustion of tribal remedies; violation of 25 U.S.C. § 1301(2) regarding exhaustion of tribal remedies; and violation of procedural due process under 25 U.S.C. § 1302 regarding rights of Indians.[1] Mr. Cesspooch's Motion[2] is his fourth attempt to obtain relief from his sentence under § 2255.[3] Because a Tenth Circuit Court of Appeals panel has not authorized the filing of Mr. Cesspooch's Motion and the circumstances do

---

[1] Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, docket no. 1, filed Aug. 16, 2016.

[2] *Id*.

[3] *Id*.; Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF no. 1 in case no. 2:16-CV-662-JNP, filed June 21, 2016; Motion to Amended Criminal Judgment and of Enhancement Law, ECF no. 1 in case no. 2:05-CV-119-PGC, filed Feb. 11, 2005; Motion to Vacate, ECF no. 1 in case no. 2:99-CV-320-DKW, filed May 5, 1999.

not warrant a transfer of the Motion to the Tenth Circuit for review, Mr. Cesspooch's Motion[4] is DENIED and DISMISSED for lack of jurisdiction.

## BACKGROUND

On October 3, 1996, Mr. Cesspooch was convicted at a jury trial of two counts of assault in violation of 18 U.S.C. § 113(c) and (f) and one count of aggravated sexual abuse in violation of 18 U.S.C. § 2241(a).[5] Mr. Cesspooch was sentenced on January 9, 1997, to 390 months in prison and 60 months of supervised release.[6]

Subsequently, on May 5, 1999, Mr. Cesspooch filed a *pro se* § 2255 motion,[7] which was dismissed for failure to prosecute on November 8, 2001.[8] Mr. Cesspooch then filed a second *pro se* § 2255 motion on February 11, 2005,[9] which was dismissed on the merits on June 6, 2005.[10] Thereafter, Mr. Cesspooch filed a third § 2255 motion through counsel on June 21, 2016,[11] which is currently stayed[12] pending the United States Supreme Court's decision in *Beckles v. United States*.[13] Approximately two months later, on August 16, 2016, Mr. Cesspooch, acting *pro se*, filed a fourth § 2255 motion,[14] which initiated this case.

---

[4] Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, docket no. 1, filed Aug. 16, 2016.

[5] Jury Verdict, ECF no. 100 in case no. 2:93-CR-281-PGC, entered Oct. 3, 1996.

[6] Judgment in a Criminal Case, ECF no. 114 in case no. 2:93-CR-281-PGC, entered Jan. 14, 1997.

[7] Motion to Vacate, ECF no. 1 in case no. 2:99-CV-320-DKW, filed May 5, 1999.

[8] Order of Dismissal, ECF no. 3 in case no. 2:99-CV-320-DKW, entered Nov. 8, 2001.

[9] Motion to Amended Criminal Judgment and of Enhancement Law, ECF no. 1 in case no. 2:05-CV-119-PGC, filed Feb. 11, 2005.

[10] Order Denying Defendant's § 2255 Motion to Vacate Sentence, ECF no. 3 in case no. 2:05-CV-119-PGC, entered June 6, 2005.

[11] Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF no. 1 in case no. 2:16-CV-662-JNP, filed June 21, 2016.

[12] United States District Court for District of Utah Standing Order no. 16-002.

[13] S.Ct. no. 15-8544, *cert. granted*, 579 U.S. ___, 2016 WL 1029080 (June 27, 2016).

[14] Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, docket no. 1, filed Aug. 16, 2016.

**DISCUSSION**

Section 2255 provides that "[a] prisoner in custody … claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence… may move … to vacate, set aside or correct the sentence."[15] However, "[b]efore a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[16] "A district court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until [the appropriate court of appeals] has granted the required authorization."[17]

Because Mr. Cesspooch's Motion[18] is his fourth attempt to obtain relief from his sentence under § 2255, and the filing of the Motion has not been authorized by a Tenth Circuit Court of Appeals panel, jurisdiction to address the merits of Mr. Cesspooch's Motion is lacking.

Nevertheless, 28 U.S.C. § 1631 provides that "if a district court determines that it lacks jurisdiction over a civil action, it 'shall, *if it is in the interest of justice*, transfer such action … to any other such court in which the action … could have been brought[.]'"[19] "Although § 1631 contains the word 'shall,' [the Tenth Circuit has] interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice."[20] Therefore, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the interest of justice

---

[15] 28 U.S.C. § 2255(a)

[16] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008) (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)).

[17] *Id.* at 1251.

[18] Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, docket no. 1, filed Aug. 16, 2016.

[19] *In re Cline*, 531 F.3d at 1250 (quoting 28 U.S.C. § 1631) (emphasis in original).

[20] *Id*. (internal quotations and punctuation omitted).

must be considered.[21] Factors for determining whether it is in the interest of justice to transfer a second or successive § 2255 motion include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[22]

Considering these factors, it is not in the interest of justice to transfer Mr. Cesspooch's Motion[23] to the Tenth Circuit for review. Mr. Cesspooch's claims would be time-barred under § 2255's one-year statute of limitations,[24] as this filing occurred over nineteen years after the entry of Mr. Cesspooch's sentence.[25] Mr. Cesspooch states no legitimate basis for his delay in raising the claims, or why the claims could not have been raised in his three prior § 2255 motions.[26] This demonstrates a lack of good faith, and particularly so in light of the fact that Mr. Cesspooch is represented by counsel on his third § 2255 motion.[27] Additionally, Mr. Cesspooch's claims do not rely on any newly discovered evidence or new rule of constitutional law, which are necessary to permit the filing of a second or successive § 2255 motion.[28]

---

[21] *Id*.

[22] *Id*.

[23] Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, docket no. 1, filed Aug. 16, 2016.

[24] 28 U.S.C. § 2255(f).

[25] Judgment in a Criminal Case, ECF no. 114 in case no. 2:93-CR-281-PGC, entered Jan. 14, 1997.

[26] Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF no. 1 in case no. 2:16-CV-662-JNP, filed June 21, 2016; Motion to Amended Criminal Judgment and of Enhancement Law, ECF no. 1 in case no. 2:05-CV-119-PGC, filed Feb. 11, 2005; Motion to Vacate, ECF no. 1 in case no. 2:99-CV-320-DKW, filed May 5, 1999.

[27] Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF no. 1 in case no. 2:16-CV-662-JNP, filed June 21, 2016.

[28] 28 U.S.C. § 2255(h).

Therefore, because it is not appropriate to transfer Mr. Cesspooch's Motion to the Tenth Circuit for review, the Motion[29] is DENIED and DISMISSED for lack of jurisdiction. Because the dismissal of Mr. Cesspooch's Motion is without prejudice, he may attempt to refile the Motion in the proper forum, the Tenth Circuit Court of Appeals.[30]

## ORDER

IT IS HEREBY ORDERED that Mr. Cesspooch's Motion[31] is DENIED and DISMISSED without prejudice for lack of jurisdiction.

The Clerk is directed to close the case.

Signed September 13, 2016.

BY THE COURT

_____
District Judge David Nuffer

---

[29] Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, docket no. 1, filed Aug. 16, 2016.

[30] 28 U.S.C. § 2255(h).

[31] Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, docket no. 1, filed Aug. 16, 2016.